IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| LARRY JAMES JACKSON, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | No. _____ |
| EVERGREEN ENVIRONMENTAL SERVICES, L.L.C. d/b/a EVERGREEN INDUSTRIAL CLEANING SERVICES d/b/a EVERGREEN INDUSTRIAL SERVICES, | § § § § § § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Larry James Jackson (referred to as "Plaintiff" or "Jackson") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid regular and overtime wages from Defendant Evergreen Environmental Services, L.L.C. d/b/a Evergreen Industrial Cleaning Services d/b/a Evergreen Industrial Services (referred to as "Defendant" or "Evergreen"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1. Jackson's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Evergreen violated the FLSA by employing Jackson and other similarly situated nonexempt employees but refusing to pay them for all hours worked at the minimum wage.  29 U.S.C. § 206(a)(1).

4. Evergreen violated the FLSA by employing Jackson and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed."  29 U.S.C. § 207(a)(1).

5. Evergreen violated the FLSA by failing to maintain accurate time and pay records for Jackson and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

6. Jackson brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid regular and overtime wages.

## II.  Jurisdiction & Venue

7. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

8. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendant resides in the Beaumont Division of the Eastern District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the Beaumont Division of the Eastern District of Texas.

## III.  Parties

9. Jackson is an individual who resides in Jefferson County, Texas and who was employed by Evergreen during the last three years.

10. Evergreen Environmental Services, L.L.C. is a Texas limited liability company that may be served with process by serving its registered agent, Christopher Gregg, at 702 Old Underwood Road, Building B, La Porte, Texas 77571.  Alternatively, if the registered agent of Evergreen Environmental Services, L.L.C. cannot with reasonable diligence be found at the company's registered office, Evergreen Environmental Services, L.L.C. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

11. Whenever it is alleged that Evergreen committed any act or omission, it is meant that the Evergreen's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Evergreen

or was done in the routine and normal course and scope of employment of Evergreen's officers, directors, vice-principals, agents, servants or employees.

### IV.  Facts

12. Evergreen is an industrial cleaning services company that does business in the territorial jurisdiction of this Court and in other states, including Louisiana.

13. Evergreen employed Jackson as an operator and/or technician from approximately February 2011 until approximately April 2012.

14. During Jackson's employment with Evergreen, he was engaged in commerce or in the production of goods for commerce.

15. During Jackson's employment with Evergreen, the company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

16. Evergreen paid Jackson on an hourly basis.

17. Evergreen required Jackson to report at a predetermined location each workday.

18. After reporting to the pre-determined location but prior to reporting to the jobsite, Jackson engaged in a variety of compensable activities, including (1) receiving instruction; (2) gathering personal protective equipment; (3) donning personal protective equipment; (4) conducting pre-trip vehicle inspections; (5) loading equipment, tools and

supplies; (6) waiting for coworkers and/or supervisors; (7) attending meetings; (8) cleaning; and (9) performing other work as directed.

19.     After leaving the jobsite but prior to being released by Evergreen, Jackson engaged in a variety of compensable activities, including (1) receiving instruction; (2) doffing personal protective equipment; (3) stowing personal protective equipment; (4) conducting post-trip vehicle inspections; (5) unloading equipment, tools and supplies; (6) attending meetings; (7) cleaning; (8) completing required paperwork; and (9) performing other work as directed.

20.     Evergreen did not pay Jackson for the work he performed prior to arriving at the jobsite or after departing the jobsite, even though the work was compensable in violation of 29 U.S.C. § 206(a)(1).

21.     During Jackson's employment with Evergreen, he regularly worked in excess of forty hours per week.

22.     Evergreen knew or reasonably should have known that Jackson worked in excess of forty hours per week.

23.     Evergreen did not count the time that Jackson spent working prior to arriving at the jobsite or after departing the jobsite toward its obligation to pay Jackson overtime.

24.     Consequently, Evergreen did not pay Jackson overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

25.     Evergreen knew or reasonably should have known that Jackson was not exempt from the overtime provisions of the FLSA.

26. Evergreen failed to maintain accurate time and pay records for Jackson and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

27. Evergreen knew or showed a reckless disregard for whether its pay practices violated the FLSA.

28. Evergreen is liable to Jackson for his unpaid regular and overtime wages, liquidated damages and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

29. All technicians and operators employed by Evergreen are similarly situated to Jackson because they (1) have similar job duties; (2) are not paid for all hours worked at the minimum wage in violation of 29 U.S.C. § 206(a)(1); (3) regularly work in excess of forty hours per week; (4) are not paid overtime for the hours they worked in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (5) are entitled to recover their unpaid regular and overtime wages, liquidated damages and attorneys' fees and costs from Evergreen pursuant to 29 U.S.C. § 216(b).

**V. Count One—Failure To Pay The Minimum Wage for All Hours Worked in Violation of 29 U.S.C. § 206(a)**

30. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

31. During Jackson's employment with Evergreen, he was a nonexempt employee.

32. As a non-exempt employee, Evergreen was legally obligated to pay Jackson for all hours worked at the minimum wage. 29 U.S.C. § 206(a)(1).

33. Evergreen did not pay Jackson for the work he performed prior to arriving at the jobsite or after departing the jobsite, even though the work was compensable. 29 U.S.C. § 206(a)(1).

34. If Evergreen classified Jackson as exempt from the minimum wage requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the minimum wage requirements of the FLSA.

35. Evergreen knew or showed a reckless disregard for whether its pay practices violated the minimum wage requirements of the FLSA. In other words, Evergreen willfully violated the minimum wage requirements of the FLSA.

### V. Count Two—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)

36. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

37. During Jackson's employment with Evergreen, he was a nonexempt employee.

38. As a nonexempt employee, Evergreen was legally obligated to pay Jackson "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

39. Evergreen did not count the time that Jackson spent working prior to arriving at the jobsite or after departing the jobsite toward its obligation to pay Jackson overtime.

40. Consequently, Evergreen did not pay Jackson overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week at one and one-half times his regular rate.

41. If Evergreen classified Jackson as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

42. Evergreen knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Evergreen willfully violated the overtime requirements of the FLSA.

## VI. Count Three—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

43. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

44. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

45. In addition to the pay violations of the FLSA described above, Evergreen also failed to keep proper time records as required by the FLSA.

## VI. Count Four—Collective Action Allegations

46. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

47. On information and belief, other employees have been victimized by Evergreen's violations of the FLSA identified above.

48. These employees are similarly situated to Jackson because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied regular wages at the minimum wage for all hours worked and overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

49. Evergreen's policy or practice of failing to pay the minimum wage and overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

50. Since, on information and belief, Jackson's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

51. All employees of Evergreen, regardless of their rates of pay, who were not paid at the minimum wage for all hours worked or at a rate not less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All operators and technicians employed by Evergreen during the last three years.

52. Evergreen is liable to Jackson and other operators and technicians for the difference between what it actually paid them and what it was legally obligated to pay them.

53. Because Evergreen knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Jackson and the other operators and technicians their unpaid regular and overtime wages for at least the last three years.

54. Evergreen is liable to Jackson and the other operators and technicians in an amount equal to their unpaid regular and overtime wages as liquidated damages.

55. Evergreen is liable to Jackson and the other operators and technicians for their reasonable attorneys' fees and costs.

56. Jackson has retained counsel who is well versed in FLSA collective action litigation and who is prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VI.  Jury Demand

57. Jackson demands a trial by jury.

## VI.  Prayer

58. Jackson prays for the following relief:

   a. An order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. Judgment awarding Jackson and other operators and technicians all unpaid regular and overtime compensation, liquidated damages, attorneys' fees and costs;

   c. Prejudgment interest at the applicable rate;

   d. Postjudgment interest at the applicable rate;

   e. All such other and further relief to which Jackson and the other operators and technicians may show themselves to be justly entitled.

>Respectfully Submitted,
>
>MOORE & ASSOCIATES
>
>By: s/ Melissa Moore
>    Melissa Moore
>    State Bar No. 24013189
>    Curt Hesse
>    State Bar No. 24065414
>    Lyric Center
>    440 Louisiana Street, Suite 675
>    Houston, Texas 77002
>    Telephone: (713) 222-6775
>    Facsimile: (713) 222-6739
>
>**ATTORNEYS FOR PLAINTIFF**